**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BENJAMIN AMARO,**

    **Plaintiff,**

**v.**                                                                           **Case No. 8:10-cv-1729-T-17TBM**

**SPECIALIZED LOAN SERVICING, LLC,**

**and**

**DOES I - III,**

    **Defendants.**
_____/

**ORDER**

THIS MATTER is before the court on **Plaintiff's Motion for Award of Attorney Fees and Costs** (Doc. 24), and Defendant's response in opposition (Doc. 28). By his motion, Plaintiff seeks an award of attorney's fees totaling $19,075.00, and costs and expenses totaling $1,500.00, as the prevailing party in this action. Plaintiff files affidavits and time records in support of his position. *See* (Docs. 24-1 through 24-4). In response, Defendant, Specialized Loan Servicing, LLC, urges that while it does not contest the Plaintiff's entitlement to attorney fees, the simple and straightforward nature of this suit and the minimal results obtained do not support the exorbitant fee sought here. Defendant does not challenge the $350.00 hourly rate by counsel, but rather maintains that 54.5 hours spent on this case is excessive where the parties conducted minimal discovery, engaged in no motion practice

regarding discovery or summary judgment matters, and the billing records reveal time spent on other cases. (Doc. 28).

I.

A brief procedural history serves useful. This litigation was initiated in August 2010 by the filing of a two-count Complaint by Plaintiff, Benjamin Amaro, against Specialized Loan Servicing, LLC, ("SLS") and Does I, II, and III, whom Plaintiff alleges are individuals who created, approved, directed and/or participated in the collection practices complained of and who were acting within the scope of their employment and agency with SLS. By his complaint, Plaintiff alleged violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA"). (Doc. 1). Defendant filed a motion to dismiss Plaintiff's complaint (Doc. 2) and thereafter Plaintiff filed, pursuant to agreement with Defendant, his First Amended Complaint (Doc. 8). Count I of Plaintiff's First Amended Complaint seeks statutory damages, attorney's fees, and costs for Defendant's violation of the FDCPA, 15 U.S.C. § 1692e, in attempting to collect a debt that had been discharged in bankruptcy. (Doc. 8 at 8-9). Count II seeks statutory damages, attorney's fees, and costs against SLS for alleged violation of 15 U.S.C. § 1692g due to Defendant's failure to send a timely "g" notice.[1]

---

[1]In pertinent part, § 1692g requires a debt collector to provide notice of a debt as follows:
>Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the

Defendant filed its Answer in November 2010 denying the majority of Plaintiff's allegations and raising seven affirmative defenses. (Doc. 14). The parties submitted a joint Case Management Report and thereafter the court entered its scheduling order setting the trial on the court's January 2012 trial calendar and ordering the parties to mediate by March 18, 2011. (Docs. 13, 15). According to Defendant, no additional motion practice was conducted prior to the case settling. Based upon my review of the docket, this appears to be the case.

As for discovery, Plaintiff served discovery requests to the Defendant. No discovery was propounded to Plaintiff, nor were any depositions taken. A mediation conference was conducted March 11, 2011, and the case was settled except for the issue of reasonable attorney's fees which was to be submitted for the court's determination. (Doc. 19). The mediator's report states, "[t]he case has been completely settled subject to the Court's determination of reasonable attorneys' fees." *Id.* at 1. Plaintiff filed a notice of accepting Defendant's Offer of Judgment/Proposal for Settlement, along with a copy of the Offer/Proposal. (Doc. 21). The Offer/Proposal, which was accepted by Plaintiff, was in the amount of $1,350.00, and included "any and all claimed damages arising from, or related to,

> notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

the Plaintiff's claims against SLS as alleged in Plaintiff's Complaint and Amended Complaint in the herein matter, inclusive of costs." (Doc. 21-1, ¶ 1). By its offer, Defendant agreed "that Plaintiff is the prevailing party and is entitled to reasonable attorney's fees but may contest the amount requested." *Id.*, ¶ 3. The Offer/Proposal further provided that Defendant "admits liability for the sole purposes of resolution of Plaintiff's claims sought in the above-captioned matter including the facts set forth in Plaintiff's Complaint and Amended Complaint in this matter, including any claim for costs, attorney fees, statutory penalties, damages and interest." *Id.*, ¶ 5. The parties thereafter filed a notice advising the court that "[t]he parties agree and stipulate that Plaintiff is the prevailing party in this litigation and is entitled to reasonable attorney's fees." (Doc. 23, ¶ 1). After the parties' unsuccessful efforts to resolve the issue of the amount of reasonable attorney's fees owed to Plaintiff, the instant motion was filed.

II.

The starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the

4

client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors. *See Norman*, 836 F.2d at 1299. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

III.

As noted above, the parties stipulated that Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees. The lodestar method for calculating reasonable attorney fees requires a determination of the reasonable hourly rate. Plaintiff seeks an hourly rate of $350.00 per hour.[2] By its response, Defendant does not challenge the hourly

---

[2] In support of his claim of $350.00 per hour for his counsel's time, Plaintiff submits the affidavit of Craig E. Rothburd (Doc. 24-4).

5

rate sought by Plaintiff's counsel.[3]  Accordingly, the issue remaining for the court's consideration is the reasonableness of the 54.5 hours billed by Plaintiff's trial counsel.

The individual primarily involved in working on the case was lead counsel, Donald E. Petersen, who seeks compensation for 54.5 hours of work.  Plaintiff is not seeking recovery for the time spent by other individuals (identified as NB and DNB) who appear to have also worked on the matter on behalf of Plaintiff.  According to the affidavit and time records submitted, this represents an exclusion of 13.4 hours of work performed by these individuals. *See* (Doc. 24-1, n.1; 24-2 at 6).  In total, Plaintiff seeks $19,075.00 in fees under the lodestar.[4]

Defendant objects to the number of hours billed by counsel, urging 54.5 hours is excessive, particularly where, as here, the recovery was minimal.  Defendant posits that this was a simple case which does not warrant the amount of fees sought.  There was very little actual litigation and Defendant suggests much of the work generated was standard, form-driven documents.  In that regard, Defendant points to counsel's own affidavit which reflects the use of form documents in FDCPA cases, many of which he authored.  Defendant cites several cases for the proposition that courts in the Eleventh Circuit routinely reduce the amount

---

[3]Defendant does not oppose the $350.00 hourly rate requested by Plaintiff's counsel. While I note that several recent opinions from the Middle District have awarded a lower hourly rate for plaintiff's counsel in FDCPA cases, *see, e.g., Cook v. Law Offices of Forster & Garbus*, No. 6:10-cv-934-Orl-28KRS, 2010 WL 4941439 (M.D. Fla. Nov. 3, 2010) ($275.00 hourly rate found to be reasonable); *Zachloul v. Fair Debt Collections and Outsourcing*, No. 8:09-cv-128-T-27MAP, 2010 WL 1730789 (M.D. Fla. Mar. 19, 2010) ($300.00 hourly rate found to be reasonable); *Selby v. Christian Nicholas & Associates*, No. 309-cv-121-J-34JRK, 2010 WL 745748 (M.D. Fla. Feb. 26, 2010) ($200.00 hourly rate found to be reasonable), I conclude that where the $350.00 is not challenged here, and in light of counsel's twenty-three years of experience practicing law with the last thirteen spent practicing consumer finance law, the $350.00 hourly rate is not excessive.

[4]$350.00 per hour x 54.5 hours = $19,075.00 in fees.

of fees sought by attorneys in FDCPA cases.[5] Defendant further contends that the billing records reveal entries for unrelated matters and otherwise excessive "reviewing and analyzing," "drafting notes," and "evaluating strategy." Lastly, Defendant urges that it is appropriate for the court to consider the amount of damages at issue and the results obtained, and in considering those factors, the Plaintiff's recovery of the one thousand dollar statutory amount is vastly disproportionate to counsel's requests for fees and costs in excess of twenty thousand dollars.

After considerable and detailed examination of the billing records, I conclude that there is some evidence of excessive time spent drafting, reviewing and revising discovery; excessive time spent drafting and reviewing certain pleadings; and time billed for clerical tasks. Thus, some reduction in the total number of hours expended is appropriate. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Here, I have applied an hour-by-hour approach bringing my best judgment to the respective positions of the parties.

By my consideration the following reductions in the hours requested is appropriate: for June 26, 2010, .5 should be excluded from the five "fact investigation" entries as being

---

[5]Defendant cites *Zachloul*, 2010 WL 1730789; *Thornton v. Wolpff & Abramson*, No. 07-12016, 312 Fed. Appx. 161 (11th Cir. Jan. 23, 2008); *Valencia v. Affiliated Group, Inc.*, 674 F. 1300 (S.D. Fla. 2009); and *Fulford v. NCO Financial Systems, Inc.*, No. 6:07-cv-1196-Orl-22KRS, 2008 WL 2952859 (M.D. Fla. July 30, 2008), as examples of cases in which courts have reduced the attorney's fees awarded in FDCPA cases.

excessive and for including tasks that are clerical in nature;[6] for July 28, 2010, hours should be reduced from .4 to .1 for excessive time spent on preparation of civil cover sheet and for including clerical tasks; for September 29, 2010, three research entries should be reduced by a total of 1.0 hours due to excessive time spent by experienced lead trial counsel on legal research matters; for September 29, 2010, hours should be reduced from 2.9 to 1.5 due to block billing, including excessive review of pleadings and drafting of memo where no pleading was ever filed by Plaintiff in opposition to the motion to dismiss; for September 30, 2010, hours should be reduced from .8 to .5 due to block billing, where no pleading was filed in response to motion to dismiss; for October 5, 2010, hours should be reduced from .8 to .5 for excessive time spent on motion for extension of time; for October 19, 2010, hours should be reduced from 2.1 to 1.5 due to excessive time spent drafting and editing Amended Complaint where the same causes of action are being asserted as in the initial pleading; December 6, 2010, hours should be reduced from .5 to .3 for excessive time spent preparing a notice of mediation and time was already billed on the same day for this task; for January 5, 2011, hours should be reduced by .2 due to being repetitive and excessive review of pleadings where there are three separate entries for the task on the same day; for January 5, 2011, hours should be reduced by .7 for excessive time spent on drafting requests for admissions; for January 10, 2011, hours should be reduced from 1.0 to .5 for excessive time spent drafting requests for production. While I do not doubt counsel's good faith in these billings, the exercise of good billing

---

[6]Further, the entries appear marginally related as they reference other cases, but presumably these other cases are FDCPA cases in which this Defendant is named as a party. The .5 reduction assumes that the .2 reduction already made by Plaintiff deletes the June 10, 2010, entry (Lahuta v. Encore) which appears to be wholly unrelated.

8

judgment suggests to me that such would not be billed the client nor should they be billed the opponent. As such, I find that a reduction of 6.0 hours is appropriate here. Hence, the lodestar is 48.5 hours x $350.00, for a total fee award of $16,975.00.

IV.

As for costs and expenses, Plaintiff seeks to recoup $1,500.00. *See* (Doc. 24 at 8-9). By his motion, Plaintiff argues he is entitled to costs pursuant to 15 U.S.C. § 1692k(a)(3). In pertinent part § 1692k provides, "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a)(3). Here, Plaintiff seeks to recover the attorney's fee of his fee expert as a cost. Plaintiff cites no case law interpreting section 1692k(a) or statutory provision that supports recovery of his expert fee as a cost in these circumstances.[7] Moreover, the proposal for settlement accepted here included "any and all claimed damages arising from, or related to, the Plaintiff's claims against SLS as alleged in Plaintiff's Complaint and Amended Complaint in the herein matter, inclusive of costs." (Doc. 21-1, ¶ 1). Additionally, the stipulation of the parties did not appear to contemplate an additional award of costs, but rather sought a court determination as to the reasonable amount of attorney's fees to be awarded. Thus, I find that pursuant to the parties' agreement, Plaintiff would not be entitled to reimbursement of these purported costs, and

---

[7]By my consideration, 28 U.S.C. § 1920 would not provide a basis for awarding the $1,500.00 expert fee sought here.

9

Plaintiff has provided no legal support for a ruling otherwise.  Accordingly, the request for $1,500.00 in costs is denied.

V.

Accordingly, Plaintiffs' Motion for Award of Attorney Fees and Costs (Doc. 24) is **granted in part** to the extent that Plaintiff be awarded his reasonable attorney's fees in the amount of $16,975.00.  In all other respects, Plaintiff's motion is **denied**.

**Done and Ordered** in Tampa, Florida, this 13th day of December 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record